

U.S. Department of Justice

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, D.C. 20530

Tel: 202-514-3469

May 9, 2025

VIA CM/ECF
Clifton Cislak
Clerk, United States Court of Appeals for the D.C. Circuit
E. Barrett Prettyman United States Courthouse & William B. Bryant Annex
333 Constitution Ave., NW
Washington, DC 20001

Re: *Talbott v. United States*, No. 25-5087 (oral argument April 22, 2025)

Dear Mr. Cislak:

We write in response to plaintiffs' letter regarding the Department of Defense's May 8 memorandum. That memorandum reinstates the Department's policy regarding service by individuals who either exhibit symptoms of, or have a history or diagnosis of, gender dysphoria, following the Supreme Court's order granting the government's stay application in *United States v. Shilling*, No. 24A1030. The memorandum extends the deadline for servicemembers to elect to voluntarily separate and directs the services to begin processing for separation those servicemembers who have already elected to separate. Once the window for voluntary separation closes, the memorandum directs the services to initiate the involuntary separation process, as described in the 2025 policy and subsequent guidance.

Plaintiffs' assertions of animus are unfounded. As the second sentence of the memorandum states, the 2025 policy excludes individuals with a history, diagnosis, or symptoms of gender dysphoria. The memorandum's first sentence, which references language in the President's Executive Order, underscores that anyone else—*i.e.*, anyone who has never suffered from gender dysphoria and who has never undergone related medical interventions—must serve in accordance with their sex. That is the same requirement that existed under the Carter, Mattis, and Austin policies, and it cannot support plaintiffs' claim of "animus against transgender people as a group." Pl. Letter 1. Plaintiffs' reliance on a social media post by Secretary Hegseth that read aloud portions of the May 8 memorandum (including

the first sentence), *see id.* n.1, is similarly unavailing. Ultimately, what matters is the text of the 2025 policy, which is a "directive, neutral on its face, addressing a matter within the core of executive responsibility." *Trump v. Hawaii*, 585 U.S. 667, 702 (2018). As the government has explained, the 2025 policy is "expressly premised on legitimate purposes," including reducing the medical and readiness risks associated with gender dysphoria, and this Court "must accept that independent justification." *Id.* at 706.

In any event, the plaintiffs in *Shilling* made arguments concerning animus, *see* No. 24A1030, Response at 2, 11, 20-21, 26-27, but the Supreme Court nonetheless granted the government's application for a stay. The same result is warranted here.

Sincerely,

*/s/ Amanda L. Mundell*
Amanda L. Mundell