January 28, 2025

**VIA CM/ECF**

Clifton Cislak
Clerk, United States Court of Appeals for the D.C. Circuit
E. Barrett Prettyman United States Courthouse & William B. Bryant Annex
333 Constitution Ave., NW
Washington, DC 20001

**Re: Talbott et al. v. United States, No. 25-5087 (argued Jan. 22, 2026)**

Dear Mr. Cislak:

Pursuant to F.R.A.P. 28(j), Plaintiffs-Appellees write to advise the court of significant and pertinent information that has come to their attention after oral argument.

At oral argument, counsel for Defendants-Appellants represented to the court that "[n]o one has been discharged under the [Hegseth] Policy at this particular time."[1] Presumably, counsel was referring to *involuntary* separations, as many transgender servicemembers—including several Plaintiffs-Appellees—have undergone the so-called "voluntary separation" process or early retirement process under the Hegseth Policy and been discharged from military service. Counsel's representation was, however, inaccurate with respect to involuntary separations as well. Following the hearing, Plaintiffs-Appellees were contacted by multiple former service members who were involuntarily separated pursuant to the Hegseth Policy.

One such individual, Thackery Keuma,[2] served for 12 years as a member of the New Mexico Army National Guard. Mr. Keuma underwent an administrative separation board in October 2025. The board reached a determination to involuntarily separate Mr. Keuma under the Hegseth Policy because he is transgender. Although the board also recommended that the separation be stayed

---

[1] Audio recording of oral argument (Jan. 22, 2026) at 00:03:35, available at https://www.youtube.com/watch?v=pIEzQIiyn1E; *see also id.* at 00:30:10.

[2] A declaration from Mr. Keuma is attached to this letter as Exhibit A.

for 12 months pending the outcome of litigation challenging the Hegseth Policy, his reenlistment was barred, and he was discharged.

Another individual, Angela Troska,[3] served for over 20 years as an enlisted member of the U.S. Coast Guard. On September 22, 2025, she was informed that she would be separated from the military under transgender military ban, effective October 29, 2025. She did not receive an administrative separation board, and her separation was finalized on December 17, 2025. Her separation paperwork states, "Involuntary separation pursuant to E.O. 14183."

Plaintiffs-Appellees raise these examples to ensure that the Court is aware of the ongoing harms faced by transgender service members who face past or imminent discharge due to the transgender military ban.

Sincerely,

*/s/ Michael Haley*
Michael Haley

*Attorney for Plaintiffs-Appellees*

---

[3] A declaration from Ms. Troska is attached to this letter as Exhibit B.