

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, D.C. 20530

Tel:  202-514-3469
February 9, 2026

VIA CM/ECF
Clifton Cislak
Clerk, United States Court of Appeals for the D.C. Circuit
E. Barrett Prettyman United States Courthouse & William B. Bryant Annex
333 Constitution Ave., NW
Washington, DC 20001

Re:  *Talbott v. United States*, No. 25-5087 (argued January 22, 2026)

Dear Mr. Cislak:

We write in response to plaintiffs' 28(j) letter which incorrectly suggested that undersigned counsel made inaccurate representations at oral argument.

Plaintiffs' letter concerns undersigned counsel's statement that "nobody has been discharged under the [Hegseth] policy at this particular point in time." Audio recording of oral argument (Jan. 22, 2026) at 00:5:02-00:5:14; *see also id.* at 00:29:21-00:29:54. As plaintiffs' letter notes, counsel was referring to *involuntary* separations under the policy. The Department of War does not dispute that servicemembers have voluntarily separated or retired early under the 2025 policy.

Plaintiffs' letter identifies two individuals who they allege were involuntarily separated under the 2025 policy. As to Angela Troska, who served in the U.S. Coast Guard, the Coast Guard is a component of the Department of Homeland Security (DHS), not the Department of War. Coast Guard and DHS are not defendants, their policies and procedures are not at issue in this litigation, and the Department of War and undersigned counsel were accordingly unaware of Troska's enlistment status. We are informed by the Department of War that, to date, there have been no involuntary separations in the military departments within the Department of War (*i.e.*, Air Force, Space Force, Navy, and Army). We are informed that some separation boards have taken place for servicemembers in the Army National Guard, but none has resulted in the final separation of a servicemember yet.

Undersigned counsel has been informed by the Department that Thackery Keuma was not involuntarily separated from the National Guard. Enlisted members of the military serve for a defined period. Upon expiration of that term, they are discharged. As the supporting documentation makes clear, Keuma's term of service had expired. Discharge upon expiration of service is classified as voluntary, not involuntary. *See* Ex. A-2 ("Discharge – Voluntary" and "Assignment Loss Reason: ER – EXP TERM/SVC"). And denial of reenlistment, regardless of the rationale, is different from involuntary separation.

In any event, because this Court and the Supreme Court have allowed the 2025 policy to take effect, there are no legal impediments to the government proceeding with implementation of that policy, including engaging in involuntary separations.

Sincerely,

*/s/ Abhishek Kambli*
Abhishek Kambli