

MAILING AND BILLING ADDRESS
1401 21st Street #11548, Sacramento, CA 95811    info@nclrights.org
TEL (415) 392-6257    nclrights.org

February 25, 2025

**<u>VIA CM/ECF</u>**

Clifton Cislak
Clerk, United States Court of Appeals for the D.C. Circuit
E. Barrett Prettyman United States Courthouse & William B. Bryant Annex
333 Constitution Ave., NW
Washington, DC 20001

Re: *Talbott et al. v. United States*, No. 25-5087 (argued Jan. 22, 2026)

Dear Mr. Cislak:

Pursuant to F.R.A.P. 28(j), Plaintiffs-Appellees write to respond to the Defendants-Appellants' February 23, 2026, letter advising the court of the Fourth Circuit's decision in *Wilkins v. Hegseth*, __ F. 4th __, No. 24-2079, 2025 U.S. App. LEXIS 4802 (Feb. 18, 2026).

The policy addressed in *Wilkins,* Department of Defense Instruction ("DoDI") 6485.01, makes HIV infection a disqualifying medical condition for entry into military service.[1] Unlike the Hegseth policy, DoDI 6485.01 treats HIV infection like other medical conditions and does not contain language demonstrating that its adoption was motivated by animus.

By contrast, the Hegseth Policy on its face demeans transgender service members as lacking the honesty, truthfulness, and discipline required for military service. *See, e.g.*, JA50; *see also* Executive Order 14183, 90 Fed. Reg. 8757 (Jan. 27, 2025). DoDI 6485.01 makes no such demeaning pronouncements.

Further, the Hegseth Policy does not regulate a medical condition, but instead applies not only to those with gender dysphoria, but also those with a history or "symptoms consistent with" gender dysphoria, or anyone unable to serve in their birth sex. JA56. It also regulates numerous nonmedical aspects of service

---

[1] Attached as Exhibit 1.



members' lives, including dress and grooming standards and use of facilities. JA57. No similar provisions are found in DoDI 6485.01, which addresses only present, laboratory-confirmed HIV infection. DoDI 6485.01, encl. 3 § 1.

Finally, unlike DoDI 6485.01, the Hegseth Policy treats gender dysphoria differently from any other medical condition and separates transgender service members through a punitive administrative separation process, JA56, which is typically reserved for misconduct and failure to meet standards.  JA544, JA756. It provides no reliance exception allowing current service members to continue serving. In stark contrast, under DoDI 6485.01, if a currently serving member tests positive for HIV, they receive treatment and an individualized medical evaluation. DoDI 6485.01, encl. 3 § 2.c. If determined fit for duty, the member is allowed to continue serving. *Id.*

For these reasons and the reasons outlined in Plaintiffs-Appellees' brief, the Hegseth Policy does not regulate a medical condition, is motivated by improper animus, and is not entitled to deference.

Sincerely,

/s/ Shannon Minter
Shannon Minter

*Attorney for Plaintiffs-Appellees*