June 19, 2025

**VIA CM/ECF**

Clifton Cislak
Clerk, United States Court of Appeals for the D.C. Circuit
E. Barrett Prettyman United States Courthouse & William B. Bryant Annex
333 Constitution Avenue, NW
Washington, DC 20001

**Re:** *Talbott et al. v. United States*, No. 25-5087 (argued Apr. 22, 2025)

Dear Mr. Cislak:

Plaintiffs-Appellees write in response to Defendants-Appellants' letter advising the court of the Supreme Court's decision in *United States v. Skrmetti*, No. 23-477, --- U.S. --- (June 18, 2025).

Defendants wrongly claim that *Skrmetti*'s holding applies here. In *Skrmetti*, the Court found that Tennessee's law barring certain medications when provided to minors did not classify based on sex or transgender status. That holding does not apply to the transgender military service ban at issue in this case.

Unlike Tennessee's statute, the Hegseth Policy does not classify based on age or on the use of specified medical treatments. Instead, it targets all transgender service members, barring from military service all individuals who, regardless of any medical treatment, have "transitioned or attempted to transition to a sex other than their birth sex" or are "not willing to serve in their birth sex," Add.23-24, based on the view that "expressing a false 'gender identity' divergent from an individual's sex cannot satisfy the rigorous standards necessary for military service." 90 FR 8757, 8757 (Jan. 27, 2025); *see also* Plaintiffs' Rule 28(j) letter, May 9, 2025, Ex. A.

The *Skrmetti* Court also noted that the plaintiffs in that case had not argued that the statute was "motivated by an invidious discriminatory purpose." Slip Op. 15. In contrast, here substantial evidence supports the district court's finding that the Hegseth Policy reflects improper animus against transgender persons. *See* Opp. at 3–9.

1

For all these reasons, *Skrmetti* does not support entry of a stay pending appeal.

Sincerely,

/s/ Jennifer Levi
Jennifer Levi

*Attorney for Plaintiffs-Appellees*

2