July 2, 2025

**VIA CM/ECF**

Clifton Cislak
Clerk, United States Court of Appeals for the D.C. Circuit
E. Barrett Prettyman United States Courthouse & William B. Bryant Annex
333 Constitution Ave., NW
Washington, DC  20001

**Re: *Talbott et al. v. United States*, No. 25-5087 (argued Apr. 22, 2025)**

Dear Mr. Cislak:

Plaintiffs-Appellees write in response to Defendants-Appellants' letter advising the court of the Supreme Court's decision in *Trump v. CASA,* No. 24A884 (June 27, 2025).

In *CASA,* the Supreme Court granted a partial stay of a set of "universal injunctions," but made clear that the stay applies "only to the extent that the injunctions are broader than necessary to provide complete relief to each plaintiff with standing to sue." Slip Op. 26. *CASA* does not require entry of a stay of the district court's injunction here for several reasons.

First, the Court made clear that its holding does not alter the fundamental equitable principle that an injunction should "offer complete relief to the plaintiffs before the court," and that remains true even if the injunction has the "practical effect of benefiting nonparties." *Id.* at 16, 17 (emphasis omitted). As Plaintiffs have shown, the district court's injunction sweeps no more broadly than necessary to provide complete relief to the parties before the court. A more limited injunction would undermine the effectiveness of Plaintiffs' military service by forcing them to serve only as "exceptions to a policy that officially declares them categorically unfit." *See* Plaintiffs-Appellees' Response in Opposition to Defendants-Appellants' Request for Stay Pending Appeal at 23.

Second, nothing in *CASA* calls into question the district court's power to enter an injunction that bars Defendants from enforcing the challenged policy against the named plaintiffs. *CASA* therefore does not support Defendants' request that the injunction be stayed in its entirety.

Third, although this Court may consider the scope of the injunction in determining whether to grant a partial stay, an appropriate alternative remedy would be to remand to the district court for further consideration in light of *CASA*. To the extent the Court concludes that *CASA* requires reappraisal of the scope of the injunction, Plaintiffs respectfully request that it permit the district court to undertake that inquiry in the first instance given that court's familiarity with the record in this action.

Sincerely,

/s/ Jennifer Levi
Jennifer Levi

*Attorney for Plaintiffs-Appellees*