August 18, 2025

**VIA CM/ECF**

Clifton Cislak
Clerk, United States Court of Appeals for the D.C. Circuit
E. Barrett Prettyman United States Courthouse & William B. Bryant Annex
333 Constitution Ave., NW
Washington, DC 20001

Re:   *Talbott et al. v. United States*, No. 25-5087 (argued Apr. 22, 2025) – Request to Lift Administrative Stay

Dear Mr. Cislak:

Pursuant to this Court's Administrative Stay Order of March 27, 2025, which provides that Plaintiffs-Appellees ("Plaintiffs") may seek to lift the administrative stay if "any action occurs that negatively impacts service members under the Hegseth Policy and MDI Guidance" before the court lifts the stay, Plaintiffs respectfully requests that the Court lift the administrative stay based on the Department of the Air Force's August 14, 2025 memorandum (the "August 14 Memo") (attached), which is causing imminent harm to those Plaintiffs-Appellees who serve in the Air Force (the "Air Force Plaintiffs").

If the Court requires a formal motion to lift the administrative stay, Plaintiffs request an order setting an expedited motion deadline and briefing schedule.

**Department of Air Force Policy Violates Due Process**

The August 14 Memo details separation board procedures that force transgender Department of Air Force (DAF) members into an impossible choice: (1) appear at their separation hearing in their birth sex, or (2) waive their right to personal appearance and proceed in absentia. The memo states that during board proceedings, transgender service members "must adhere to standards associated with their biological sex unless the member waives their personal appearance and elects for the board to proceed in absentia."

This violates fundamental due process by conditioning the right to appear at one's own separation hearing on not being transgender. In other words, transgender Air

1

Force service members do not live in their birth sex. Accordingly, they do not and cannot adhere to standards associated with their birth sex. As a result, the August 14 Memo denies transgender DAF members the right to appear at their separation hearings.

**Immediate Harm**

The Air Force Plaintiffs who imminently face separation proceedings will be denied any meaningful due process. They cannot receive fair hearings because they are being prohibited from showing up at their proceedings because they are transgender. These constitutional violations are occurring now as separation hearings are being scheduled and will be conducted imminently.

**No Harm to Defendants**

Defendants suffer no injury from maintaining constitutional procedures during this litigation, including permitting transgender DAF members to show up to defend themselves at their separation proceedings without being compelled to comply with the unconstitutional requirement that they adhere to grooming and appearance standards associated with their birth sex.

**Conclusion**

The August 14 Memo creates exactly the type of action "negatively impacting service members" that this Court anticipated when allowing a motion to lift the stay. Because Air Force plaintiffs face immediate due process violations that cannot be remedied after involuntary separation, Plaintiffs respectfully request that the Court lift the administrative stay to enjoin implementation of these discriminatory separation procedures.

Sincerely,

/s/ Jennifer Levi
Jennifer Levi

*Attorney for Plaintiffs-Appellees*