**[ORAL ARGUMENT HELD JANUARY 22, 2026]**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| NICOLAS TALBOTT *et al.*,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>UNITED STATES OF AMERICA *et al.*,<br><br>Defendants-Appellants. | No. 25-5087 |

**PLAINTIFFS-APPELLEES' RESPONSE TO
DEFENDANTS-APPELLANTS' AUGUST 5, 2026 NOTICE**

Plaintiffs-Appellees ("Plaintiffs") submit this response to Defendants-Appellants' (the "Government's") August 5, 2026, Notice. This is the second time that the Government has made inaccurate representations to this Court regarding the way in which Plaintiffs are serving. The Government admitted its first account was wrong. *See* Doc. No. 2186787 at 1, 3-4. Its purported clarification is wrong too.

Assistant Secretary of Defense for Manpower and Reserve Affairs Timothy D. Dill asserts that three unnamed Plaintiffs "have not been placed in administrative absence because *they are attempting to serve consistent with their biological sex* per Department policy." Doc. No. 2186787 ¶ 4 (emphasis added). He adds that those same three Plaintiffs "are serving in excess personnel billets or limited duty status,

are non-deployable, or require routine treatment by a health care professional." *Id.* The first assertion is false, and the second proves nothing—a list of possible duty or medical statuses does not establish that any Plaintiff is unable to serve.

None of the Plaintiffs are serving, or attempting to serve, in their birth sex as Assistant Secretary Dill claims. Nor is it possible for them to do so. To the extent that Assistant Secretary Dill's declaration references Second Lieutenant Nicolas Talbott, Staff Sergeant Roan Pickett, and Staff Sergeant Taylor Maiwald, they have not been placed in administrative absence; they are continuing to serve honorably, as the men they are.

- **Nicolas Talbott** has continued to serve as a man with his unit in the Army Reserves. Decl. of Nicolas Talbott Decl. ¶¶ 1, 4, 10 [Ex. A]. Lieutenant Talbott is not attempting to serve as a woman: he does not use single-sex facilities designated for female servicemembers, does not wear single-sex uniforms designed for female servicemembers, and is not addressed as a woman by his command and unit. *Id.* ¶¶ 5–9. He is neither non-deployable nor on limited duty. *Id.* ¶ 10. His only routine medical care is an annual appointment with a primary care provider. *Id.* He has not violated any applicable standards, nor has his service as a man interfered with the performance of his duties. *Id.* ¶ 12.

- **Roan Pickett** has continued to serve as a man with his unit in the Army. Decl. of Roan Pickett ¶¶ 1, 4, 9 [Ex. B]. Sergeant Pickett is not attempting to serve as a woman: he does not use single-sex facilities designated for female servicemembers, does not wear single-sex uniforms designed for female servicemembers, and is not addressed as a woman by his command and unit. *Id*. ¶¶ 5–9. He is not in a non-deployable status, an excess personnel billet, or limited duty status. *Id*. ¶ 10. His only routine medical care is equivalent to the care provided to other service members. *Id*. He has not violated any applicable standards, nor has his service as a man interfered with the performance of his duties. *Id*. ¶ 12.
- **Taylor Maiwald** has continued to serve as a man with his unit in the Air Force. Decl. of Taylor Maiwald ¶¶ 1, 4, 9 [Ex. C]. Sergeant Maiwald is not attempting to serve as a woman: he does not use single-sex facilities designated for female servicemembers, does not wear single-sex uniforms designed for female servicemembers, and is not addressed as a woman by his command and unit. *Id*. ¶¶ 5–9. He is not in a non-deployable status, an excess personnel billet, or limited duty status. *Id*. ¶ 10. His only routine medical care is an annual appointment with an endocrinologist. *Id*. He has not violated any applicable standards, nor has his service as a man interfered with the performance of his duties. *Id*. ¶ 12.

In addition, Plaintiffs notify the Court that, because the mandate implementing the injunction has not issued, the Government is moving forward with involuntary separations of Plaintiffs in this case. For example, the Government postponed Lieutenant Junior Grade Clara Winchell's Board of Inquiry following the issuance of this Court's opinion, but is now attempting to reschedule it to be held on or before September 15, 2026. Decl. of Clara Winchell ¶¶ 2–5 [Ex. D].

DATED: August 17, 2026

Respectfully submitted,

*/s/ Michael R. Haley*

Jennifer Levi
Michael R. Haley
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street, Suite 950
Boston, MA 02108
Telephone: (617) 426-1350
jlevi@glad.org
mhaley@glad.org

Shannon P. Minter
Christopher F. Stoll
NATIONAL CENTER FOR LGBTQ RIGHTS
1401 21st Street #11548
Sacramento, CA 95811
Telephone: (415) 392-6257
sminter@nclrights.org

Joseph J. Wardenski
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
Telephone: (347) 913-3311
joe@wardenskilaw.com

*Counsel for Plaintiffs-Appellees*