[ORAL ARGUMENT HELD JANUARY 22, 2026]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

NICOLAS TALBOTT, et al.,

Plaintiffs-Appellees,

v.

UNITED STATES OF AMERICA, et al.,

Defendants-Appellants.

No. 25-5087

**RESPONSE TO PLAINTIFFS AUGUST 17 FILING**

In response to the government's August 5 filing clarifying a prior statement, Plaintiffs accuse the Department of War of making inaccurate representations to the court on two separate occasions—in the Department's July 23 declaration and its August 5 declaration—concerning "the way in which Plaintiffs are serving." Document #2188653 at 1. It bears mentioning that the information discussed in both declarations, concerning individual Plaintiffs' service status, was and is available to Plaintiffs and their counsel. Yet Plaintiffs never filed anything—or suggested to Defendants—that anything in the July 23 declaration was inaccurate. And Plaintiffs took nearly two weeks to respond to the August 5 Notice, which clarified only one sentence in the July 23 declaration, pertaining to just three of the Plaintiffs. Even as to this exceedingly narrow subject, Plaintiffs' latest filing identifies no material

inaccuracies in the government's declaration and this dispute is in any event entirely irrelevant to the pending motion to stay the mandate.

To briefly provide context, Plaintiffs—in opposing the motion to stay the mandate—took the unusual step of making their lead argument that the motion should be denied because, since an injunction against the policy had been stayed, "the government ha[d] been free to apply the challenged policy to the named Plaintiffs without restraint" but had "not done so." Document #2184099 at 2; *see also id.* ("A movant that has allowed more than a year to pass without acting on the interest it now calls urgent has not shown—and cannot show—the diligence, urgency, and irreparable harm on which a stay of the mandate depends.").

As the government explained in its July 23 reply, Plaintiffs' suggestion that the government had sat on its hands and not applied the policy to them—again, literally their lead argument opposing the motion—was inaccurate. Roughly half of the Plaintiffs retired or voluntarily separated following the policy. As to the remainder, the Department had begun the separation process for all of them, "eight ha[d] been provided separation notices, two ha[d] been recommended for separation by an administrative separation board, and the remainder [were] in the medical verification process." July 23 Declaration of Timothy Dill ¶ 8. Indeed, "[s]everal additional plaintiffs would have undergone separation boards but for the fact that their defense counsel requested delays." *Id.*

In paragraph 9 of that declaration, Assistant Secretary Dill stated that "the Department placed all plaintiffs unable or unwilling to serve consistent with their biological sex on administrative absence," and that "[n]one of the plaintiffs opted to serve in accordance with their biological sex." That representation was consistent with Plaintiffs' own representations in this litigation—most recently in their April 15, 2026 motion for class certification filed in district court, where they stated that "None of the Plaintiffs can serve in the military as their birth sex, which they are not." Dist. Ct. Dkt. No. 118-1 at 4. And again, Plaintiffs never suggested after the filing that Defendants' representation about their individual statuses was inaccurate.

Nonetheless, Defendants subsequently learned that three of the remaining Plaintiffs in fact had not been placed in administrative status and promptly clarified that point: "three of the plaintiffs have not been placed in administrative absence because they are attempting to serve consistent with their biological sex per Department policy." August 5 Declaration of Timothy Dill ¶ 4. The August 5 Declaration went on to explain—without identifying individual plaintiffs—that "three plaintiffs are serving in excess personnel billets or limited duty status, are non-deployable, or require routine treatment by a health care professional." *Id.* Plaintiffs do not contend that the second statement is false—only that it "proves nothing." But they contend that the first statement is false because "[n]one of the Plaintiffs are serving, or attempting to serve, in their birth sex."

Plaintiffs' declarations do not establish that this statement was inaccurate. Indeed, the declarations confirm that these three Plaintiffs are currently serving "consistent with" their birth sex. Each declaration states that: the Plaintiff is not using single-sex facilities designated for female service members (because the Plaintiff has access to unisex facilities), the Plaintiff is not wearing single-sex uniforms designed for female service members (because the Plaintiff is wearing unisex combat and fitness uniforms or civilian clothing), the Plaintiff's appearance complies with female grooming standards, and the Plaintiff's command and unit addresses the Plaintiff in gender-neutral terms. Talbott Decl. ¶¶ 5-9; Pickett Decl. ¶¶ 5-9; Maiwald Decl. ¶¶ 5-9. Defendants appreciate Plaintiffs' position that this does not constitute them "attempting" to serve in their birth sex because they just happen to be able to satisfy the standards associated with their biological sex in their current posts, but that subjective view does not make Assistant Secretary Dill's statement inaccurate, let alone *materially* inaccurate—the point of the statement was simply to explain that those Plaintiffs are not in administrative absence status because they are not serving in contravention of standards for their birth sex as set by the Department.

Finally, Plaintiffs' response is irrelevant to the pending motion to stay the mandate. Even if Plaintiffs were correct that a failure to apply the policy to them while a stay of the injunction is in place could justify denying the motion to stay the mandate, the Department has moved swiftly to implement the policy, including as

to Plaintiffs. And none of Plaintiffs' other assertions undermine Defendants' motion to stay the mandate.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

ERIC D. McARTHUR
*Deputy Assistant Attorney General*

MARK R. FREEMAN
MICHAEL S. RAAB

/s/ *Andrew M. Bernie*
ANDREW M. BERNIE
(202) 514-3511
Attorneys, Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530