**[ORAL ARGUMENT HELD JANUARY 22, 2026]**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| NICOLAS TALBOTT *et al.*,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>UNITED STATES OF AMERICA *et al.*,<br><br>Defendants-Appellants. | No. 25-5087 |

**NOTICE**

Plaintiffs-Appellees submit this notice to advise the Court of significant and pertinent information that has come to their attention following the briefing of the Government's motion to stay issuance of the mandate.

On June 1, 2026, this Court held that the Hegseth Policy is "both arbitrary and based upon animus, and . . . violates Plaintiff-Appellees' constitutional right to equal protection of the law," and upheld the District Court's injunction as to currently serving Plaintiffs-Appellees.

Notwithstanding this Court's conclusion, the Government has continued to initiate involuntary separation proceedings against Plaintiffs-Appellees in violation of their constitutional rights:

- On September 23, 2026, the U.S. Navy held a board of inquiry to decide whether to involuntarily separate Plaintiff-Appellee Clara Winchell. The board found that she was disqualified from service under the ban but noted that absent the ban on transgender service members, "the board without reservation would recommend retention based on a record of exemplary service."[1]
- On September 21, 2026, Plaintiff-Appellee Samuel Ahearn received a notice that the U.S. Navy is instituting involuntary separation proceedings against him.[2]
- On September 23, 2026, Plaintiff-Appellee Jackie Gross received a notice that the U.S. Army is instituting involuntary separation proceedings against her.[3]
- On October 2, 2026, Plaintiff-Appellee Beck Simpson received a notice that the U.S. Army is instituting involuntary separation proceedings against him.[4]
- On October 4, 2026, Plaintiff-Appellee Nicolas Talbott received a notice that the U.S. Army is instituting involuntary separation proceedings against him.[5]

---

[1] A copy of the Findings and Recommendations of the board held for Plaintiff-Appellee Winchell is attached to this letter as Exhibit A.
[2] A copy of Plaintiff-Appellee Ahearn's notice is attached to this letter as Exhibit B.
[3] A copy of Plaintiff-Appellee Gross's notice is attached to this letter as Exhibit C.
[4] A copy of Plaintiff-Appellee Simpson's notice is attached to this letter as Exhibit D.
[5] A copy of Plaintiff-Appellee Talbott's notice is attached to this letter as Exhibit E.

- On October 5, 2026, Plaintiff-Appellee Austin Converse received a notice that the U.S. Navy is instituting involuntary separation proceedings against her.[6] This notice follows the September 15, 2026, notice that she had been identified for separation, and that Plaintiffs-Appellees' provided with their September 18, 2026, notice to this court.

Until this Court issues its mandate, these and other Plaintiffs-Appellees will continue to be subjected to the unconstitutional harms of the Hegseth Policy. Plaintiffs-Appellees, therefore, respectfully renew their request that this Court issue its mandate forthwith.

Respectfully submitted,

Dated: October 7, 2026

*/s/ Michael Haley*

Jennifer Levi
Michael Haley
GLBTQ LEGAL ADVOCATES & DEFENDERS
18 Tremont Street, Suite 950
Boston, MA 02108
Telephone: (617) 426-1350
jlevi@gladlaw.org
mhaley@gladlaw.org

[6] A copy of Plaintiff-Appellee Converse's notice is attached to this letter as Exhibit F.

Shannon P. Minter
Christopher F. Stoll
National Center For LGBTQ Rights
1401 21st Street #11548
Sacramento, CA 95811
Telephone: (415) 392-6257
sminter@nclrights.org
cstoll@nclrights.org

Joseph J. Wardenski
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
Telephone: (347) 913-3311
joe@wardenskilaw.com

*Counsel for Plaintiffs-Appellees*

# Exhibit A

## FINDINGS AND RECOMMENDATIONS

In the board of inquiry convened to determine whether LT Clara R. W. Winchell, USN, should be retained in the U.S. Navy, under the provisions of Executive Order 14183, "Prioritizing Military Excellence and Readiness," January 27, 2025; Secretary of Defense Memorandum, "Prioritizing Military Excellencc and Readiness," February 7, 2025; Secretary of Defense Memorandum, "Implementing Policy on Prioritizing Military Excellence and Readiness," May 8, 2025; Official Performing the Duties of the Under Secretary of Defense for Personnel and Readiness Memorandum, "Additional Guidance on Prioritizing Military Excellence and Readiness," February 26, 2025; Official Performing the Duties of the Assistant Secretary of Defense for Manpower and Reserve Affairs Memorandum, "Clarifying Guidance on Prioritizing Military Excellence and Readiness: Retention and Accession Waivers," March 4, 2025; Official Performing the Duties of the Under Secretary of Defense for Personnel and Readiness Memorandum, "Prioritizing Military Excellence and Readiness: Implementation Guidance," May 15, 2025; Under Secretary of War for Personnel and Readiness Memorandum, "Prioritizing Military Excellence and Readiness: Additional Implementation Guidance on Administrative Separations," 8 October 2025; ALNAV 011/26; and MILPERSMAN 1910-series; in the interest of national security, the board, in a closed session and upon secret ballot with a majority vote taken, has made the following findings and recommendations:

### FINDINGS

The board, having carefully considered the evidence before it finds:

That LT Clara R. W. Winchell, USN, (has) (does not have) a current diagnosis of history of, or exhibits symptoms consistent with, gender dysphoria, or has a history of cross-sex hormone therapy or a history of sex reassignment or genital reconstruction surgery as treatment of gender dysphoria or in pursuit of a sex transition, and therefore (is disqualified from) (remains qualified for) military service in the [Navy] in the notification of proposed separation (is) (is not) supported by a preponderance of the evidence.

Comment(s): See attachment.

That LT Clara R. W. Winchell, US, (**has**)(does not have) a current diagnosis or history of, or exhibits symptoms consistent with, gender dysphoria, or has a history of cross-sex hormone therapy or a history of sex reassignment or genital reconstruction surgery as treatment of gender dysphoria or in pursuit of a sex transition, and therefore (**is disqualified from**) (remains qualified for) military service in the [Navy] in the notification of proposed separation (**is**) (is not) supported by a preponderance of the evidence.

The board also concluded that the above findings, executed in accordance with ALNAV 011/26, significantly limited the scope of the proceedings. To accurately capture the totality of our findings, the board also recommends the following points be taken into consideration.

- The board found that LT Winchell is a named plaintiff in Talbott, et al, vs United States with a federal court injunction (District Court in for the District of Columbia) that remains in effect. This court order directs SECWAR and service secretaries to maintain policy regarding transgender service that existed immediately before President Trump issued Executive Order 1483. The court order took effect on 21 March 2025. Based on this injunction, the board recommends the Navy refrain from separation proceedings until resolution and/or a final decision is made on the case.
- The board found that LT Clara R. W. Winchell, USN, has a history of gender dysphoria that consisted of a singular diagnosis dated 14 Sep 2022, but no other information regarding treatment status or current diagnosis.
- The board found no evidence of other disqualifying conditions, specifically, there is no evidence that supports her exhibiting symptoms consistent with gender dysphoria, having a history of cross-sex hormone therapy or a history of sex reassignment or genital reconstruction as treatment of gender dysphoria or in pursuit of a sex transition.
- Absent ALNAV 011/26, the board without reservation would recommend retention based on a record of exemplary service.
- If separated from Naval Service, the board recommends waiving recoupment of debt associated with service education program costs based on LT Winchell's demonstrated exemplary service.

[redacted] 9/23/2026
Senior Board Member

[redacted] 23SEP26

[redacted] 23 Sep 26

# Exhibit B

DEPARTMENT OF THE NAVY
COMMANDER NAVY INSTALLATIONS COMMAND
716 SICARD STREET SE SUITE 100
WASHINGTON NAVY YARD DC 20374-5171

1920
Ser N00CDA/26U254
18 Sept 26

From: Commander, Consolidated Disposition Authority
To: ENS Samuel L. Ahearn, USN

Subj: NOTIFICATION OF ADMINISTRATIVE SHOW CAUSE PROCEEDINGS ICO SAMUEL L. AHEARN, USN

Ref: (a) Strike Group Oceanography Team San Diego ltr 1900 Ser N00/048 of 31 Aug 26
(b) SECNAVINST 1920.6D CH-1
(c) CNO Designation ltr 5800 Ser N00J of 11 Jul 25
(d) ALNAV 011/26
(e) NAVADMIN 097/26
(f) DoWI 1332.30
(g) USW (P&R) memo, "Additional Guidance on Prioritizing Military Excellence and Readiness," of 26 Feb 2025
(h) SECWAR memo, "Implementing Policy on Prioritizing Military Excellence and Readiness," of 8 May 2025
(i) SECNAV memo, "Direction Concerning Involuntary Separation Under Department of Defense Policy on Prioritizing Military Excellence and Readiness," of 3 Jul 25
(j) USW (P&R) memo, "Prioritizing Military Excellence and Readiness: Additional Implementation Guidance on Administrative Separations," of 8 Oct 25
(k) DoDI 1334.01
(l) MILPERSMAN 1920-200
(m) BUPERSINST 1070.27E
(n) USW (P&R) memo, "Clarifying Guidance on Prioritizing Military Excellence and Readiness: Retention and Accession Waivers," of 4 Mar 25
(o) ASN M&RA memo, "Additional Direction for Involuntary Separations Pursuant to ALNAV 011/26," of 4 Aug 26

Encl: (1) Acknowledgment of Rights Form

1. Per references (a) through (o), you are notified that a Board of Inquiry will be convened to make a recommendation on your retention in the U.S. Navy. As stated in references (g) and (h), the Secretary of War has determined that military service by service members who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria is not clearly consistent with the interests of national security. Pursuant to his authority in 10 U.S.C. § 1181, the Secretary of the Navy signed reference (i), implementing the Secretary of War

Controlled by: Department of the Navy
Controlled by: Consolidated Disposition Authority
CUI Category: PRVCY
Distribution/Dissemination Control: FEDCON
POC: navy_cnic_cda@us.navy.mil

Subj: NOTIFICATION OF ADMINISTRATIVE SHOW CAUSE PROCEEDINGS ICO SAMUEL L. AHEARN, USN

guidance and establishing procedures for the review of the records of commissioned officers to determine whether such officers should be required to show cause for retention on active duty. A review of your record, relying upon evidence in reference (a), indicates you have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria that requires you to show cause for retention in the naval service.

2. Administrative action requiring you to show cause has been initiated in accordance with reference (b) given your diagnosis or history of, or exhibiting symptoms consistent with, gender dysphoria as evidenced by an individualized medical record review dated 21 August 2026 per reference (a).

3. An in-person board of inquiry (BOI) will be convened requiring you to show cause for retention in the naval service. In accordance with reference (i) the separation authority will be the Secretary of the Navy. The board will consider your case even if you decide not to appear before it. Your rights before the BOI and the procedures for such boards are set forth in reference (b), reference (d), reference (j), enclosure (1), and in this notification.

4. The least favorable characterization of service that may be recommended in your case is Honorable.

5. Per reference (j) all service members attending separation hearings must conform to the uniform and grooming standards associated with their sex. Waivers to permit civilian attire or a uniform not associated with a service member's sex will not be authorized or considered. Should the service member not conform to the uniform and grooming standards, board proceedings will continue with the service member in absentia and may, as appropriate, take the service member's failure to comply with standards into consideration when determining whether the basis for separation has been established.

a. In accordance with reference (j), you are reminded that a service member's appearance in uniform should not be used to imply official approval or support for any particular viewpoint, and that service members are prohibited from participating in activities such as unofficial public speeches, interviews, picket lines, marches, rallies, or public demonstrations while in uniform.

6. You may exercise or waive the following additional rights:

a. You may submit, any time before the BOI adjourns for closed deliberations, any matter that you deem pertinent.

b. You may tender a qualified resignation request for an Honorable discharge in lieu of a BOI consistent with the guidelines for characterization of service in reference (b), enclosure (8). Reference (l) contains the format for this resignation request, which must be verbatim.

c. You may confer with appointed military counsel at no expense to you, or with civilian counsel retained at your own expense.

d. Respondents with over 18 years but less than 20 years of total active-duty service may request early retirement under the Temporary Early Retirement Authority. Respondents with greater than 15 but less than 18 years of active service may request an except-ion from the Under Secretary of Defense for Personnel and Readiness via CNP and ASN(M&RA). Pending requests will not delay board proceedings.

e. In accordance with reference (j), if you request a board, you should not submit a retention waiver retention until after the board has made its findings and the separation authority has approved, changed, or disapproved the board's recommendations. If you do not elect a board, you may submit a retention waiver request. You may request to be considered for a waiver to remain in the United States Navy. Service members may be considered for a waiver on a case-by-case basis under reference (n), provided there is a compelling government interest in retaining the service member that directly supports warfighting capabilities and the service member concerned meets the following criteria:

(1) The individual demonstrates 36 consecutive months of stability in the individual's sex without clinically significant distress or impairment in social, occupational, or other important areas of functioning; and

(2) The individual demonstrates that he or she has never attempted to transition to any sex other than his or her sex; and

(3) The individual is willing and able to adhere to all applicable standards, including the standards associated with his or her sex.

f. You are advised that victims of sexual assault who are processed for involuntary separation may be entitled to additional rights. If you are a victim of sexual assault refer to OPNAVINST 1752.1D for more information.

g. You may request copies of the documents that will be forwarded to the Secretary of the Navy to support the recommendation for separation. You may submit your request at https://www.foia.gov.

h. Documents related to your administrative separation processing will become part of your official record. In accordance with reference (m), you have the right to respond to matters submitted into your permanent record that relate to your administrative separation processing.

7. Return enclosure (1) within 10 calendar days of receipt of this letter to your Commanding Officer. If you intend to tender your resignation, submit that with enclosure (1). Failure to exercise your rights or respond within the specified time will constitute a waiver of your rights.

8. Should your separation from the Navy result in your failure to fulfill your obligations under any agreement regarding any kind of incentive or special pay, bonuses, or advanced educational

Subj: NOTIFICATION OF ADMINISTRATIVE SHOW CAUSE PROCEEDINGS ICO
SAMUEL L. AHEARN, USN

assistance, you may be required to reimburse the government for the unearned balance of that debt.

9. You have 30 days in which to prepare your case. The respondent may, for good cause, petition the Consolidated Disposition Authority (CDA) in a timely manner for continuances not to exceed 30 calendar days. The CDA will rule on requests for continuances if made prior to the convening of the board of inquiry (BOI). Once the BOI is convened, the senior member may rule on such requests or refer them to the CDA.

10. As the respondent, you are entitled to exercise the rights set forth in this notification. Your failure to invoke any of these rights will not be considered as a bar to the Board of Inquiry proceedings.

11. This letter is the notice required by references (b) and (f). You will be notified of the names of the Board members and of the date and location of the hearing by separate correspondence.

12. The point of contact for questions related to this matter is the CDA at navy_cnic_cda@us navy mil

[redacted]

Date: ________

From: ENS Samuel L. Ahearn, USN
To: Commander, Consolidated Disposition Authority

Subj: ACKNOWLEDGMENT OF RIGHTS

Ref: (a) CDA Notification ltr 1920 Ser N00CDA/26U254
(b) DoD Financial Management Regulation, Volume 7A
(c) OPNAVINST 6100.3A

1. ( ) Receipt of reference (a) is acknowledged.

( ) I elect a board of inquiry (BOI) and understand it will be held in my absence if I choose not to appear.

( ) I desire to tender my qualified resignation request for an Honorable discharge (attached), and waive my right to a BOI.

2. ( ) I have served in an imminent danger pay area as defined by reference (b) within the last 24 months. All required pre and post deployment health assessments and medical screenings for PTSD and TBI have been completed as required per reference (c). PTSD/TBI has been diagnosed and was determined by appropriate medical authorities to be a contributing factor in this case.

( )I have served in an imminent danger pay area as defined by reference (b) within the last 24 months. All required pre- and post-deployment health assessments and medical screenings for PTSD and TBI have been completed as required per reference (c). PTSD/TBI has not been diagnosed and was determined by appropriate medical authorities not to be a contributing factor in this case.

( ) I served in an imminent danger pay area as defined by reference (b) within the last 24 months while embarked on a U.S. Navy vessel OR embarked with a U.S. Navy aviation squadron conducting a routine deployment. Pre-and post-deployment health assessments and medical screenings for PTSD and TBI are not required per reference (c).

( )I did not serve in an imminent danger pay area as defined by reference (b) within the last 24 months. Pre- and post-deployment health assessments and medical screenings for PTSD and TBI are not required per reference (c).

3. ( )I have / ( ) have not been referred into the Disability Evaluation System (DES).

4. My daytime telephone is ( _)________________________.

5. My official e-mail address is ______________________________.

6. My personal e-mail address is ______________________________.

ENS Samuel L. Ahearn, USN

Copy to:
COMNAVPERSCOM

Encl (1)

# Exhibit C

Exhibit C

**DEPARTMENT OF THE ARMY**
**PENNSYLVANIA ARMY NATIONAL GUARD**
**HEADQUARTERS & HEADQUARTERS BATTALION, 28TH INFANTRY DIVISION**
**1400 CALDERS STREET**
**HARRISBURG, PENNSYLVANIA 17103-1297**

NGPA-HBN-CDR 15 September 2026

MEMORANDUM FOR CPT Micah J. Gross, [redacted]

SUBJECT: Notification of Involuntary Separation, Withdraw of Federal Recognition Due to Additional Guidance on Prioritizing Military Excellence and Readiness

1. Under the provisions of NGR 635-101, paragraph 10, I am initiating action to involuntary separate you from the Pennsylvania Army National Guard and the Reserve of the Army due to the interest of national security. This is directed in accordance with Executive Order 14183 because you have not comported to your biological sex in all matters, to include updating administrative systems.

2. I am recommending that you receive an Honorable characterization of service. My recommendation and your reply will be submitted through the appropriate chain of command to The Adjutant General (TAG) of Pennsylvania.

3. You will complete the enclosed Election of Rights, Behavior Health Acknowledgement, and Sexual Assault Statement, Counseling Form, and Incentives Verification Memo, and return these forms in the attached prepaid envelope within 30 days of receipt of this notification. These forms will be forwarded to TAG for final decision.

a. If you elect to resign in lieu of a formal board and TAG approves, your discharge is effective the date TAG signs the memorandum.

b. If TAG approves my recommendation and you elect a board, First Army will notify you via certified mail that action is initiated to withdraw your Federal Recognition. You will have 15 days from receipt of the First Army notification to select one of the options listed in the election of rights. Failure or refusal to respond to the notification will result in the automatic appointment of a board of officers.

4. Point of Contact for this memorandum is the undersigned at [redacted] or [redacted]@army.mil.

[redacted]
LTC, MI, PAARNG
Commanding

# Exhibit D

Exhibit D

**DEPARTMENT OF THE ARMY**
**HEADQUARTERS FIRST ARMY**
**1 ROCK ISLAND ARSENAL BUILDING 68**
**ROCK ISLAND IL 61299-8100**

WHFA-PRP (NGR 635-101k2)

SEP 17 2026

MEMORANDUM FOR Major Beck O. Simpson, [redacted]

SUBJECT: Withdrawal of Federal Recognition

1. Sufficient basis exists to initiate action for withdrawal of your Federal Recognition in the Army National Guard in the interest of national security in accordance with National Guard Regulation (NGR) 635-101, paragraph 10. Specifically, you are disqualified for military service based upon a current diagnosis of gender dysphoria, a history of gender dysphoria, and/or because you are exhibiting symptoms consistent with gender dysphoria or other basis as specified in HQDA EXORD 175-25 and Army National Guard PPOM 25-015e.

2. In view of the above, a board of officers will be convened under the provisions of NGR 635-101, IAW HQDA EXORD 175-25, and Army National Guard PPOM 25-015e to make a recommendation regarding your continued retention in the Army National Guard. Under the provisions of NGR 635-101, paragraph 14.a., you have the following options:

a. Show cause for retention before a board of officers convened for that purpose; or

b. Submit a resignation in lieu of proceedings for withdrawal of Federal recognition.

3. Additionally, under the provisions of NGR 635-101, paragraph 15, you are entitled to the following privileges:

a. To appear before the board in person at your own expense;

b. To be furnished copies of the records that will be submitted to the board and other pertinent releasable documents;

c. To submit statements in your own behalf;

d. To be represented by appointed military counsel, by military counsel of your own choice (if reasonably available), or by a civilian counsel at your own expense; and

e. To be allowed a reasonable time to prepare your case. In no instance will you have less than 30 days from the date of this notification.

4. If the board of officers recommends withdrawal of Federal Recognition, a recommendation for an honorable discharge will accompany the withdrawal of Federal Recognition recommendation.

5. You will elect one of the options on Enclosure 1 and return your election within 15 calendar days of receipt of this notification. If you elect to submit your resignation in lieu of withdrawal of Federal Recognition, also complete and return Enclosure 2.

[redacted]

Encls

Major General, USA
Acting Commander

CF:
TAG Maryland
SRAAG Maryland

# Exhibit E

Exhibit E

DEPARTMENT OF THE ARMY
HEADQUARTERS, 200TH MILITARY POLICE COMMAND
BUILDING 1250 ANNAPOLIS ROAD FORT MEADE, MD 20755
FORT MEADE, MD 20755

FRPM-CG

MEMORANDUM THRU

Commander, Headquarters, 333rd Military Police Brigade, Farmingdale, NY 11735,
Commander, Headquarters, 336th Military Police Battalion, Pittsburgh, PA 15206
Commander, 307th Military Police Company, New Kensington, PA 15068

FOR 2LT Nicolas K. Talbott, DOD ID: [redacted] 307th MP CO

SUBJECT: Initiation of Elimination

1. You are required to Show Cause for retention in the service under the provisions of Army Regulation 135-175, Separation of Officers, Chapter 2, Involuntary Separation, paragraph 2-15, in the interest of national security, due to a current diagnosis of gender dysphoria, a history of gender dysphoria, and/or because you are exhibiting symptoms consistent with gender dysphoria or other basis as specified in EXORD 175-25 Implementation Guidance of Executive Order (EO) 14183 "Prioritizing Military Excellence and Readiness.".

2. My actions are based upon the following specific reasons for elimination: Your Commander had personal knowledge of your diagnosis of gender dysphoria and referred your file for an individual medical readiness assessment IAW HQDA EXORD 175-25. Upon review, a medical provider has determined that you meet the separation criteria for separation from military service in accordance with EXORD 175-25.

3. In conjunction with this action, a Suspension of Favorable Personnel Actions Flag, DA Form 268, has been initiated in accordance with AR 600-8-2.

4. You are entitled to free representation by an Army Reserve Trial Defense Service (TDS) attorney in this matter. However, assignment of TDS attorneys is not automatic. Please read and complete the enclosed request form and submit it as directed. Notify this command as soon as possible if you have difficulty submitting this form or obtaining appointed counsel. You may hire a civilian attorney at your own expense. In conjunction with counsel, you may prepare and submit a written statement indicating any pertinent facts or any rebuttal bearing on the question of your elimination.

a. This statement may be sworn or unsworn.

b. Documents submitted in rebuttal must be legible and reproducible.

c. You may confer with your counsel for legal advice concerning your options stated in paragraph 6 below.

5. In accordance with AR 135-175, paragraph 2-19e, you will, within 30 days of receipt of this correspondence, acknowledge receipt by submitting your election of options, Enclosure 2, and any related paperwork. Your election of options must be submitted through your counsel, described in paragraph 4 of this memorandum. If you choose to decline to consult with a consulting counsel, in addition to indicating your option, you must expressly reflect your declination in paragraph 6 of the Acknowledgement and Option Election Memorandum, Enclosure 2.

6. You must elect one of the following on the Acknowledgement and Option Election Memorandum, Enclosure 2:

a. Submit a rebuttal with all supporting documentation to show how you do not have a current diagnosis or history of, and are not exhibiting symptoms consistent with, gender dysphoria or another basis as specified in EXORD 175-25.

b. Submit a resignation in lieu of involuntary separation. Because elimination is being initiated pursuant to AR 135-175, Chapter 2, paragraph 2-15, you may submit either an Unqualified Resignation in Lieu of Involuntary Separation (RILO), Enclosure 3, or a Conditional Resignation in Lieu of Involuntary Separation (CRILO), Enclosure 4. For assistance regarding resignation requests, please contact TDS.

c. In addition to the above options, and pursuant to HQDA EXORD 175-25, FRAGO 4, you may request appearance before a Board of Inquiry.

7. If resignation is submitted in lieu of involuntary separation, this action will be held in abeyance pending Headquarters, Department of the Army's (HQDA's) decision to approve or disapprove the resignation.

8. A refusal to accept or respond to the notification as required by paragraphs 5 and 6 will constitute a waiver of your rights listed in paragraph 9 below and the CG will appoint a board of officers as prescribed in AR 135-175 and AR 15-6.

9. In accordance with AR 135-175, paragraph 2-20, you have the following rights, except when waived:

a. Be furnished copies of the records that will be submitted to the board, and of other pertinent and releasable documents, which may be requested.

b. Consult with a consulting counsel.

c. Present your showing of cause for retention in military service before a board of officers. You are allowed a reasonable period of time for preparing your case. In no instance, will you have less than 30 days from the date that you receive this correspondence.

d. You may appear in person at all board proceedings. Failure to respond to the notification letter may be construed as a voluntary election not to appear before the Board.

e. You may be represented at any hearing by an appointed military counsel for representation, or by military counsel of the officer's own choice, if determined reasonably available pursuant to AR 27-10, but not both, or by civilian counsel at no cost to the government.

f. You may submit statements on your own behalf.

g. You may request the appearance before the board of any witness whose testimony is considered pertinent to their case under the provisions of AR 15-6.

h. You may testify in their behalf subject to 10 USC §831.

i. You or your counsel may question any witness who appears before the board.

j. You or your counsel may present oral and/or written argument to the board.

h. With the exception of paragraph 9a, you may waive the above rights in writing. You may withdraw your waiver of rights listed in paragraphs 9b through 9e above, any time prior to the date the convening authority directs that their case be presented before a board of officers. You will be required, within a reasonable time (not less than 15 days), to consult with a consulting counsel prior to waiving the rights listed in paragraphs 9b through 9e above. If you elect to waive these rights you must personally sign a waiver. Unless consulting counsel is waived, the consulting counsel will advise you and sign the written waiver as a witness, indicating that he/she is a commissioned officer of the Judge Advocate General's Corps.

10. AR 600-20, Army Command Policy, requires documentation in your separation packet which positively identifies whether you have or have not been a victim of sexual assault. Indicate your selection in the provided Sexual Assault Memorandum.

11. AR 135-175, paragraph 2-5a, requires Service Members under consideration for separation to positively identify whether you have had service-connected exposure to events that may have resulted in traumatic brain injury (TBI) or post-traumatic stress disorder (PTSD), to be referred to a physician or behavioral health specialist for evaluation to determine whether the service member should be referred for disability evaluation. You must indicate whether you have a service-connected exposure to

events that may result in a diagnosis of TBI or PTSD. Indicate your selection on the provided service-connected exposure memorandum.

12. You are hereby notified that, if you have participated in certain advanced education programs or incentive programs, or if you have received advance pay, professional pay, or any bonuses, you may be required to reimburse the United States Government as so stated in any written agreement(s) made with the United States Government under law and or regulation. In accordance with Title 10 US Code, Section 2005, any officer with an outstanding financial obligation to the United States government, who voluntarily, or because of misconduct, fails to complete the period of active duty specified in their service agreement, or fails to fulfill any term or condition prescribed, will reimburse the United States in an amount that bears the same ratio to the cost of advanced education provided such person as the unserved portion of active duty bears to the total period of active duty such person agreed to serve.

13. If you intend to submit a request for early retirement under Temporary Early Retirement Authority (TERA) pursuant to HQDA EXORD 175-25, FRAGO 3, you must do so NLT 14 calendar days from the date of acknowledgment of this notification memorandum. Early retirement requests under TERA will be routed to the first O-5 Commander in your chain of command by submission of a Personnel Action Request in IPPS-A as specified in HQDA EXORD 175-25, FRAGO 3.

14. If you intend to submit a retention waiver to the Secretary of the Army pursuant HQDA EXORD 175-25, FRAGO 3, you must do so NLT 14 calendar days from the date of acknowledgment of this notification memorandum. Retention waivers will be routed through the first General Officer in your chain of command as specified in HQDA EXORD 175-25, FRAGO 3, Annex G.

15. An acknowledgment and options election memorandum has been provided. (Enclosure 2). You will include your respective election from paragraph 6 above as an enclosure to your acknowledgment and whether you intend to exercise any of the options at paragraph 13 and/or paragraph 14 above. Your request must be staffed through your chain of command and endorsed by your respective GOSCA prior to staffing to the Human Resources Command (AHRC-OPD-A) for final processing.

16. I am recommending you be discharged with an Honorable Discharge. Your case will be forwarded through Human Resources Command to the final separation authority (the Secretary of the Army or his designee).

17. You may be required to undergo a medical examination to assess the potential effects of Post Traumatic Stress Disorder (PTSD) or Traumatic Brain Injury (TBI) on the circumstances of your separation. This examination is required if you have been deployed overseas in support of a contingency operation in the past 24 months and have been diagnosed with PTSD or TBI. If you have not been diagnosed with PTSD or

TBI stemming from deployment, but believe such a condition exists, you must inform your chain of command immediately.

18. The point of contact for this memorandum is LTC [redacted], who can be contacted at [redacted]@army.mil.

Encl

[redacted]
Major General, USAR
Commanding

**Data Required by the Privacy Act of 1974**
**(5 U.S.C. § 552a)**

AUTHORITY: 5 USC 301 and 10 USC 3013.

PURPOSE: Information provided is used by processing activities and the approval authority to determine if the member meets the requirements for recommended separation action.

ROUTINE USES: Upon completion of processing actions, the statement is filed in the MPRJ. As long as filed in the MPRJ, this personal information may be used by other appropriate Federal agencies and State and local government authorities where the use of the information is compatible with the purpose for which the information is collected. Release of any information from this form is subject to the restrictions of 42 U.S.C. § 290dd-2 and 42 U.S.C. § 290dd-3. Under these statutes and regulations, disclosure of information that would identify the client as an abuser of alcohol or other drugs is authorized within the Armed Forces or those components of the Department of Veterans Affairs furnishing health care to veterans. AR 600-85 further limits disclosure within the Armed Forces to those individuals having an official need to know (for example, the physician or the client's unit commander).
All other disclosures require the written consent of the client except disclosures (1) to medical personnel outside the Armed Forces to the extent necessary to meet a bona fide medical emergency, (2) to qualified personnel conducting scientific research, management for financial audits, or program evaluation, or (3) upon the order of a court of competent jurisdiction.

Submission of a statement for consideration is voluntary. If a statement is not submitted, the Army will determine separation or retention based on the available information.

# Exhibit F

**DEPARTMENT OF THE NAVY**
COMMANDER NAVY INSTALLATIONS COMMAND
716 SICARD STREET SE SUITE 100
WASHINGTON NAVY YARD DC 20374-5171

1920
Ser CDA/26U332
1 Oct 26

From: Commander, Consolidated Disposition Authority
To: CDR Austin E. Converse, USN

Subj: NOTIFICATION OF ADMINISTRATIVE SHOW CAUSE PROCEEDINGS

Ref: (a) Naval District Washington ltr 1900 Ser N04/288 of 15 Sept 26
(b) SECNAVINST 1920.6D
(c) CNO Designation ltr 5800 Ser N00J of 11 Jul 25
(d) ALNAV 011/26
(e) NAVADMIN 097/26
(f) DoDI 1332.30
(g) USD (P&R) memo, "Additional Guidance on Prioritizing Military Excellence and Readiness," of 26 February 2025
(h) SECDEF memo, "Implementing Policy on Prioritizing Military Excellence and Readiness," of 8 May 2025
(i) SECNAV memo, "Direction Concerning Involuntary Separation Under Department of Defense Policy on Prioritizing Military Excellence and Readiness," of 3 July 2025
(j) USW (P&R) memo, "Prioritizing Military Excellence and Readiness: Additional Implementation Guidance on Administrative Separations," of 8 October 2025
(k) DoDI 1334.01
(l) MILPERSMAN 1920-200
(m) BUPERSINST 1070.27E

Encl: (1) Acknowledgment of Rights Form

1. Per references (a) through (f), you are notified that a Board of Inquiry will be convened to make a recommendation on your retention in the U.S. Navy. As stated in references (g) and (h), the Secretary of Defense determined that military service by service members who have a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria is not clearly consistent with the interests of national security. Pursuant to his authority in 10 U.S.C. § 1181, the Secretary of the Navy signed reference (i), implementing the Secretary of Defense guidance and establishing procedures for the review of the records of commissioned officers to determine whether such officers should be required to show cause for retention on active duty. A review of your record, relying upon evidence in reference (a), indicates you have a current diagnosis or

Controlled by: Department of the Navy
Controlled by: Consolidated Disposition Authority
CUI Category: PRVCY
Distribution/Dissemination Control: FEDCON
POC: CDA_Members@us.navy.mil

history of, or exhibit symptoms consistent with, gender dysphoria and requires you to show cause for retention in the naval service.

2. Administrative action requiring you to show cause has been initiated in accordance with reference (b) given your diagnosis or history of, or exhibiting symptoms consistent with, gender dysphoria as evidenced by an individualized medical record review dated 19 August 2026 per reference (a).

3. An in-person board of inquiry (BOI) will be convened requiring you to show cause for retention in the naval service. In accordance with reference (i) the separation authority will be the Secretary of the Navy. The board will consider your case even if you decide not to appear before it. Your rights before the BOI and the procedures for such boards are set forth in reference (b), enclosure (11) as modified in references (d), (j), and in this notification.

4. The least favorable characterization of service that may be recommended in your case is Honorable.

5. Per reference (j) all service members attending separation hearings must conform to the uniform and grooming standards associated with their sex. Waivers to permit civilian attire or a uniform not associated with a Service Member's sex will not be authorized or considered. Should the service member not conform to the uniform and grooming standards, board proceedings will continue with the service member in absentia and may, as appropriate, take the service member's failure to comply with standards into consideration when determining whether the basis for separation has been established.

a. In accordance with reference (j), you are reminded that service members appearance in uniform should not be used to imply official approval or support for any particular viewpoint, and that service members are prohibited from participating in activities such as unofficial public speeches, interviews, picket lines, marches, rallies, or public demonstrations while in uniform.

6. You may exercise or waive the following additional rights:

a. You may submit, any time before the BOI adjourns for closed deliberations, any matter that you deem pertinent.

b. You may tender a qualified resignation request for an Honorable discharge in lieu of a BOI consistent with the guidelines for characterization of service in reference (b), enclosure (8). Reference (l) contains the format for this resignation request, which must be verbatim.

c. You may confer with appointed military counsel at no expense to you, or with civilian counsel retained at your own expense.

d. Because you are a retirement-eligible officer, you may request voluntary retirement in accordance with reference (l), and mandatory retirement proceedings will be held in abeyance per reference (d). Your requested date of retirement must be no more than six months from the date you receive this notification. Failure to request a retirement date within this window will

result in mandatory retirement proceedings via BOI. Boards will not recommend retirement paygrades. If you do not meet statutory time-in-grade requirements to retire in your current paygrade a reduced paygrade upon retirement may be directed.

e. Respondents with over 18 years but less than 20 years of total active-duty service may request early retirement under the Temporary Early Retirement Authority. Respondents with greater than 15 but less than 18 years of active service may request an exception from the Under Secretary of Defense for Personnel and Readiness via CNP and ASN(M&RA). Pending requests will not delay board proceedings.

f. In accordance with reference (j), if you request a board, you should not submit a retention waiver request until after the board has made its findings and the separation authority has approved, changed, or disapproved the board's recommendations. If you do not elect a board, you may submit a retention waiver request. You may request to be considered for a waiver to remain in the United States Navy. Service members may be considered for a waiver on a case-by-case basis, provided there is a compelling government interest in retaining the service member that directly supports warfighting capabilities and the service member concerned meets the following criteria:

(1) The individual demonstrates 36 consecutive months of stability in the individual's sex without clinically significant distress or impairment in social, occupational, or other important areas of functioning; and

(2) The individual demonstrates that he or she has never attempted to transition to any sex other than his or her sex; and

(3) The individual is willing and able to adhere to all applicable standards, including the standards associated with his or her sex.

g. You are advised that victims of sexual assault who are processed for involuntary separation may be entitled to additional rights. If you are a victim of sexual assault refer to OPNAVINST 1752.1D for more information.

h. You may request copies of the papers that will be forwarded to the Secretary of the Navy to support the recommendation for separation. You may submit your request at https://www.foia.gov.

i. Documents related to your administrative separation processing will become part of your official record. In accordance with reference (m), you have the right to respond to matters submitted into your permanent record that relate to your administrative separation processing.

7. Return enclosure (1) within 10 calendar days of receipt of this letter to your Commanding Officer. If you intend to tender your resignation, submit that with enclosure (1). Failure to exercise your rights or respond within the specified time will constitute a waiver of your rights.

Subj: NOTIFICATION OF ADMINISTRATIVE SHOW CAUSE PROCEEDINGS

8. Should your separation from the Navy result in your failure to fulfill your obligations under any agreement regarding any kind of incentive or special pay, bonuses, or advanced educational assistance, you may be required to reimburse the government for the unearned balance of that debt.

9. You have 30 days in which to prepare your case. The respondent may, for good cause, petition the Consolidated Disposition Authority (CDA) in a timely manner for continuances not to exceed 30 calendar days. The CDA will rule on requests for continuances if made prior to the convening of the board of inquiry (BOI). Once the BOI is convened, the senior member may rule on such requests or refer them to the CDA.

10. As the respondent, you are entitled to exercise the rights set forth in this notification. Your failure to invoke any of these rights will not be considered as a bar to the Board of Inquiry proceedings.

11. This letter is the notice required by references (b) and (f). You will be notified of the names of the Board members and of the date and location of the hearing by separate correspondence.

12. The point of contact for questions related to this matter is the CDA at navy_cnic_cda@us.navy.mil.

[redacted]

Date: ________

From: CDR Austin E. Converse, USN
To: Commander, Consolidated Disposition Authority

Subj: ACKNOWLEDGMENT OF RIGHTS

Ref: (a) CDA Notification ltr 1920 Ser CDA/26U332 of 01 Oct 26
(b) DoD Financial Management Regulation, Volume 7A
(c) OPNAVINST 6100.3A

1. Receipt of reference (a) is acknowledged.
   ( ) I elect a board of inquiry (BOI) and understand it will be held in my absence if I choose not to appear.
   ( ) I desire to tender my qualified resignation request for an Honorable discharge (attached), and waive my right to a BOI.

2. ( ) I have served in an imminent danger pay area as defined by reference (b) within the last 24 months. All required pre- and post-deployment health assessments and medical screenings for PTSD and TBI have been completed as required per reference (c). PTSD/TBI has been diagnosed and was determined by appropriate medical authorities to be a contributing factor in this case.
   ( ) I have served in an imminent danger pay area as defined by reference (b) within the last 24 months. All required pre- and post-deployment health assessments and medical screenings for PTSD and TBI have been completed as required per reference (c). PTSD/TBI has not been diagnosed and was determined by appropriate medical authorities not to be a contributing factor in this case.
   ( ) I served in an imminent danger pay area as defined by reference (b) within the last 24 months while embarked on a U.S. Navy vessel OR embarked with a U.S. Navy aviation squadron conducting a routine deployment. Pre-and post-deployment health assessments and medical screenings for PTSD and TBI are not required per reference (c).
   ( ) I did not serve in an imminent danger pay area as defined by reference (b) within the last 24 months. Pre- and post-deployment health assessments and medical screenings for PTSD and TBI are not required per reference (c).

3. ( ) I have/ ( ) have not been referred into the Disability Evaluation System (DES).

4. My daytime telephone is (   )________________________.

5. My official e-mail address is ____________________________.

6. My personal e-mail address is ____________________________.

____________________________
CDR Austin E. Converse, USN

Copy to:
COMNAVPERSCOM

Encl (1)